at All, Brenda Beck, Guardian of WLK, A Minor, and Sole Heir of Grace Keaton, Appley, by J. Kevin Wold. Mr. Fuhrman, you may proceed. Thank you, and may it please the Court. As indicated, my name is  Steve Fuhrman, and I represent the respondent here, appellant in this Court, Subway. Your Honor, as you're all aware, this case has been fully briefed, and therefore I won't go over every single fact that is contained within those briefs and transcripts. However, I will note that this case does involve a traveling employee who was involved in a motor vehicle accident and who unfortunately lost her life in that accident. As it's a prevailing fact that plays a crucial role in everything we're here to argue today, I think it bears repeating that back on August 24, 2023, at the underlying trial, the parties went on the record and immediately stipulated that the petitioner in this case was a traveling employee. Your Honor, as the appellant intends to focus our time today on three primary arguments for the sake of time. First, that the applicable standard of review here is, in fact, de novo. Second, that the lower courts failed to establish or solidify the appropriate legal test for the issue at hand. And third, that under a proper application of that test, it would be found that the defendant's actions accident arose, did not arise out of her course and scope of her employment, and thus was not compensable. Your Honor, turning to the first issue, standard of review, as I indicated, our position is firm that the standard of review here is de novo. Our brief lays out the various reasons why the review is de novo and the various rationale for it being de novo. But for the sake of time, I'll focus on the first two today. First, the relevant facts and inferences here are undisputed. And second, that there's a legal question before the court. In appellant's brief and throughout the brief, Your Honor's, I'm sure, have seen and will see many citations to an appellate court case called Curtis v. Illinois Workers' Compensation Commission. This is not because there's not Illinois Supreme Court law that says that traveling employees should be treated as X, which are also cited. And it's not because there's not Illinois Supreme Court law saying that questions of law are viewed de novo, which again are also cited and I think is something we all have known since law school. But instead, it is because this Curtis case is so on point. And if Your Honor's will allow me, I have two quotes from that case that are illustrative not only of the standard of review issue here, but also the appropriate legal question and legal test to apply to a traveling employee. First quote is, whether a traveling employee was injured while engaging in conduct that was reasonable and foreseeable to his employer is normally a factual question to be resolved by the commission and where facts and inferences are in dispute, we should affirm the commission's determination unless it's against the manifest weight of the evidence. However, where the relevant facts and inferences are undisputed, we review this issue de novo. Here, it is our position as I've indicated, and I will elaborate on momentarily the relevant facts and issues, those being, is this a traveling employee, are undisputed. The second quote Your Honor's in Curtis's, in this case, the commission found the claimant's job duties required him to travel to and from two bank locations. Nevertheless, when determining whether the claimant's injuries arose out of and in the course of his employment, the commission applied the test applicable to non-traveling employees, rather than the special rules applicable to traveling employees. That was an error. Accordingly, the dispositive question of whether claimant has engaged, or whether claimant was injured while engaging in conduct that was reasonable and might reasonably be anticipated or foreseen by the employer is under review. That is exactly the case here, Your Honors. And I would note that in the Curtis case, the reason why the relevant facts and inferences were deemed to not be in dispute is that the respondent in that case did not challenge the testimony or evidence presented by petitioner that they were a traveling employee. Here, we could take it one step further. Not only did we not challenge the petitioner was a traveling employee, we stipulated to it at the beginning of trial. And for those reasons, you're up and I'm sorry about this. Beyond that, Your Honor, the 2nd reason that we highlight that this is a standard of the standard review should be the novel is that this is a clear question of legal. A clear legal question, that being what legal test was to be applied to a situation involving a traveling employee and determining whether their accident arose out of it in course of their employment. Your Honor, in any work comp case, as I'm sure you are all aware, but allow me. The 1st step is under the Illinois Workers' Compensation Act, the employee bears the burden of proving by a preponderance of the evidence that their accident arose out of and in the course of their employment. Now, both the arising out of and in the course of elements need to be met. And in the vast majority of cases, we look at these elements stand alone. However, the Illinois Supreme Court. And every Illinois appellate court has held that. In cases involving traveling employees. This analysis is taken 1 step further in the traveling employee doctrine is applied. Under that analysis, an injury sustained by a traveling employee arises out of his employment. If he or she was injured while engaging in conduct that was reasonable and foreseeable. And they elaborate to this includes conduct that might normally be anticipated or foreseen by the employer. This is the test. And what would that conduct be in this case? So, in this case, your honor, that's reasonable and foreseeable. So, in this case, your honor, if a reasonable foreseeable test were applied, our contention is that petitioners actions taken collectively were not reasonable and foreseeable. What were those actions? I'm trying to hone down on that. So, yes, your honor, while petitioner was traveling from 1 subway location to another, she was driving her vehicle as we know. Now, the collection of evidence before shows that 1st petitioner was not wearing a seat belt while driving her vehicle. 2nd, the petitioner was driving in excess of the speed limit. 3rd, the petitioner had. THC or cannabis in her system at the time she was driving. 4th, the crash records, or the police report and paramedic records indicate that the cause of the crash. Is attributed to petitioners likely watching cell phone videos. While driving her vehicle and 5th, your honors is that. By all accounts and all evidence, this is a clear sunny day. On a wide open back road and petitioner crashed into the back of a truck. A pickup truck with a trailer on it. That was stopped at a stop sign with no indication that she even attempted to stop slow down break. So she was driving with all the aforementioned factors and was doing so in such a distracted manner that she failed to see a full pickup truck. With a trailer attached to it stopped at a stop sign on the road. She was on on a sunny day. So, you're saying the air is that. The wrong analysis was used by the commission. Right and therefore she was denied benefits. Correct. Yes, your honor and so you're saying. Your burden, then I suppose if the correct analysis was applied. Under a traveling employee doctrine that everything you just summarized. Was reasonable and foreseeable are my position is that the collection of those activities would render it not reasonable foreseeable. Thus, the petitioner had removed yourself. Now, obviously, if we get to the point that your honors determine that. Traveling employee doctor, and that test should have been applied. Your honors would be free to either remand the case at that point back and make it, you know, the commission and arbitrators problem to. Assess those facts under that test, or your honors are obviously free to. Determine that the incorrect test was applied and apply the facts yourselves. No, we don't do that and that is what I anticipated. But I far be it for me to tell your honors what you're allowed to do. So. And your honors, it's important for us to note that. Not only is the traveling employee test used far and wide. You'll hear mentions of from the circuit courts decision and. The various briefs throughout this case that. Petitioners in some cases, we're driving and petitioners and other cases. We're doing recreational activities when this test is applied. It is our position today that none of that is relevant. The Curtis case as well as numerous other cases have held that a traveling employee is deemed to be a traveling employee. From the time that they leave home until the time that they return. That includes all of their activities. While they are deemed a traveling employee, both recreational directly work related. Those that are on the cusp or fringe and can't be defined. A traveling employee is deserving of a traveling employee analysis. Simply put, there's no other applicable test to be applied to traveling employees. And for that reason. Respond to a appellant is adamant that. That test should have been applied here and. That the failure for that test to be applied is deserving of the case to be. Reversed and remanded back for a proper application of that test. Well, the arbitrator and the commission didn't pull this test out of. Then air and they relied on 2 cases. McKernan and stem bridge that applied the test that they used. Um, so how how did they air then? Yes, your honor. It's a great question. So the stem bridge analysis of cases looks not at the reasonable and foreseeable. But at the level of negligence petitioner. Exhibited in those actions. To that, I would respond that the stem bridge case. Carefully reviewed was not a traveling employee case. As strange as it may sound, because petitioner absolutely was a traveling employee. They were driving in that case for their job. However, throughout that decision petitioner was never declared a traveling employee. Why that was, I, I do not have an answer for that. However, I would venture to guess that. If at any point the issue is raised of whether petitioner was a traveling employee. That we would be in the exact position that case would be in the exact same position. Of needing a traveling employee. Doctrine applied. In our case, I would differentiate it that there was. No question there was no opportunity to. Debate or miss whether petitioner is a traveling employee. It was so stipulated on the record immediately at a. Bright flags around it saying this is a traveling employee case. Now, throughout Illinois court history, there are situations where. For whatever reason, we look at the courts look at. What was petitioner doing and they just look at the actions and neither party or the. Court raises the traveling employee issue and. Addresses that the case should be reviewed under traveling employee analysis. I, I cannot explain how or why that happens just. Just last month, the appellate court in the 1st district. And an unpublished decision address that very issue with. Individual who stepped off an airplane and died of a stroke and. The court was debating looking at it as whether they were a traveling employee stepping off the airplane, or whether it was an idiopathic fall case from an unrelated accident. Now, how many of those cases get appealed? And how many times the appeal focuses on traveling employee? I cannot answer for any of those cases, but I can say definitively. The petitioner here was a traveling employee and at this Supreme Court of Illinois said cases involving traveling employees. Require analysis of whether their actions were reasonable and foreseeable. That was never done here. And for that reason, we respectfully requested. The lower court's decisions be reversed and remanded back for proper application of the facts. And with that, I would yield the remainder of my time on this initial argument. Thank you. Further questions from the court. No, thank you. You'll have time and reply. Thank you. Mr. Wolf, you may respond. I may have pleased the court counsel, Kevin Wolf, on behalf of the appellee, Brenda Beck, who is the guardian of the minor WLK, and who is the sole heir of the decedent in this case, Grace Keaton. Let's be very clear about what was stipulated and what was not stipulated. What's stipulated is that the decedent was a traveling employee. But that did not relieve the commission of the burden of weighing the evidence and drawing the reasonable inferences from that evidence. And so we have to look at the evidence. We have to look at what the commission did. And therefore, I would submit to this court that we have to use the standard of review that was that decision, was the weighing of that evidence against the manifest weight. So why do I say that there was this dispute of fact or dispute of the inferences? Because if you look in the record, and we cited this in our brief, you know, the party said, yes, we agree that this evidence will come in. But counsel said it and I said it. We're certainly not agreeing to the opinions or how, what inferences you're going to draw from that evidence. And so you have to look at that first. And that's what the commission did here. And in fact, I think it was, pardon me, I think it was Justice Rochford that asked the question, well, didn't they follow the case law when the commission did this analysis? And they exactly, the commission exactly did follow the case law, why? It took a look at the, it found that we have a traveling employee. So the accident was in the course of employment. They then weighed the evidence, looked at the CBO, looked at the evidence of cannabis in the system, looked at the police reports, which I submit as probably as close to the most reliable evidence in this case, looked at the records, which had one notation as to perhaps what the speed was, weighed all of those factors, and under the case law cited, determined that this arose, that this arose out of, in addition to being in the course of one's employment. So I urge the court to take a look at those five facts that the appellant is standing on to say that this was unreasonable conduct. Because essentially what the appellant is arguing here is that you got to add all these facts, quote facts, which they claim were undisputed, which I claim, and which I believe the record shows the inferences were not undisputed. You have to take a look at those facts and determine, do they, do these facts, if you took them and you show they were proven, show that any reasonable employer wouldn't reasonably anticipate that this would happen when an Illinois employee driving from one store to another on a public highway might engage in this conduct. But you got to show what conduct's been proved here. You got to show what- Counsel, let me, let me jump in. What about the, this is a traveling employee claim, clearly it's stipulated. And what about the analysis of the reasonable and foreseeability test? Are you arguing that, in fact, the commission went through this analysis and just didn't use the magic words? Or just what exactly are you arguing? I think that's exactly what happened here, Your Honor. Because if you look at what the commission did, first of all, they would have taken a look at the seatbelt. And we all know, you know, failure to use a seatbelt under the law is not, is not evidence of negligence. That's what the law says. That's what the court is required to take judicial notice of from the trial level to the appellate level to the Supreme Court level under 81003. I mean, we already know that. Then we take a look at the evidence of speeding. Was the, was the decedent speeding at the time? There's an EMS notation in the record that gives an estimate of going 10 miles an hour over the speed limit. But if you take a look at the police report that talks about what was the contributing factors to this accident, speeding is not mentioned. So I submit that the commission was definitely looking at this and trying to decide, okay, is this one of the facts that we need to look at? And it said it was not. It took a look at the evidence of THC in the system. And my expert that we submitted in the report that was submitting the evidence reflected on that. It discounted that. And if anything, what the commission did was go through each, determine that, you know, from a factual standpoint, the only, the only thing that we can say in this instance was that there was distraction. Why was there distraction? You can't really, because in any time, any time there's a rear end accident like this, obviously, you failed to reduce your speed to avoid an accident. So there's really one focus here, distraction. So is it reasonably foreseeable that an Illinois employee that's traveling from one store to the other might or could be distracted while driving? I submit that's the analysis that they went through. So the commission went through the factual analysis of determining the evidence, applied the proper standard as was cited in the commission's decision and as was raised by the justices here. And they've gone through the analysis that was necessary to find this a compensable accident. You've talked about distraction. You've left out THC, haven't you? Or are you throwing that into distraction? Well, so if you recall, your honor, the THC levels were addressed by the expert in this case. And the expert said, you cannot show in any form or manner that she was impaired. Moreover, under the statute, under the Workers' Compensation Act, there's no presumption of impairment because there's no showing of illegal consumption of cannabis here. And we pointed that out in our brief. So I'm looking at each of the five quote facts that the appellant, I keep doing the respondent thing as well, just like counsel. So please, we're in the same boat on that one. But that appellant is pointing out each of those five factors was weighed by the commission. And when it all gets boiled down, there's really only one. And that is obviously distracted. And you can't really say either. And the commission did this. You can't really say distracted by watching a video because if you look at the evidence, which the commission did, the phone was found in the engine compartment. I would say, yeah, she's distracted, right? Was she looking at her phone? Did it ring immediately before she failed to realize there was something stopped? I don't know. Counsel doesn't know. So let me stop you for one second. Let me stop you for one second. If you acknowledge it, if we acknowledge it, there's one major factor that created this problem, that was distraction. Does it matter what the distraction was? In other words, if the distraction was a deer on the side of the road and she briefly looked over, or if it was a child in the back seat, or if it was something of that nature, if it's something such as what's alleged here, that there's a video playing on the phone, I don't care where the phone was found, engine compartment or two blocks down the road. If the phone was playing a video when they found the phone at the time of, they correlate to the time of the accident, is that type of distraction, the type that an employer should reasonably expect their employee to be engaged in while driving. Coupled that with the fact that there were no brake marks, no indication that she'd brake, it was a sunny, clear day, and it was a stopped vehicle that she hit. Obviously all focusing on distraction. So to your first point, does it matter if she's eating a sandwich and mustard gets down on her shirt? Does it matter if a deer ran off and she said, oh, what a pretty deer? Does it matter if, no. Distraction to the point of the cell phone, whether it's 2022 or now, and you're driving down the road, and you look to your left, and there's that kid looking down at their phone and driving. No, it's reasonable to assume, and it's reasonable anticipate that your employees are not perfect drivers. Your employees are not people who are going to follow, who are going to go 55, not 56, or not 65, that your employees will not make a mistake. Obviously made a mistake that left a young girl without a mother. Um, Mr. Wolf, if the arbitrator in the commission had concluded that the claimant acted with a wanton disregard of the probable consequences and denied the claim, would you be here stating that they used the wrong standard? It would depend on what their findings of fact were. And the reason I say that is if the commission had found, for example, we don't believe the other factors are important, but the fact that she had THC in her system shows us that we believe she was intoxicated. If they had analyzed the facts and the factors under a wanton disregard instead of the reasonable and foreseeable, would you have said that you would be here now saying they used the wrong standard of determining course of employment? I wouldn't say they'd be using the wrong standard. I would say they'd be misapplying it. Does that make sense? And let me explain if I may. Okay. If they took these five factors, they said we got a traveling employee and we got these five factors and we've analyzed all five of them. And we believe if you multiply them all together, it arises to willful and wanton misconduct to take her outside. Yes, I would be here arguing that they didn't apply the standard for willful and wanton correctly because none of these combined amounted to willful and wanton. That's my point. I'm hoping I answered your question, Your Honor. So are you saying... Look back at me if I haven't, but... I'm saying that the willful and wanton standard is what should be used in this case. Well, certainly. I mean, she has to be willful and wanton in her conduct and that has to be shown by the record in order to take it outside of any negligent conduct. Because negligence is not a defense. It is not ethical in workers' compensation. I'm sorry. So I guess what I think what I'm trying to understand here, if the proper analysis of traveling employees were applied to the facts of this case, is it an easier or harder case for you? If the standards were applied? No, just stay with me. Okay. Let's assume what you said, both of you, it's a traveling employee case. Right. And let's, we at least would hope the condition knows the difference in terms of compensability. And if that were properly applied, is it harder or easier case for you to acquire benefits for your client? I mean, willful wanton sounds pretty high bar, doesn't it? Well, I mean, that's one of the reasons that you want it to be a traveling employee case. I mean, you take that aspect out of the... And it would be easier for you then? I certainly would think so. Okay. That was a question. Yeah. If there's nothing else, I thank your honors for your time and I'll yield my remainder to counsel. Any further questions for Mr. Will? Okay. Thank you. Thank you, your honors. Counsel, you may reply. Thank you, your honors. Three quick points. First, with respect to there being a dispute of facts or inferences, we reject that notion for two reasons. Number one, the only factor inference necessary to get to a traveling employee analysis is, is it a traveling employee? That was stipulated. That is not a factor inference in dispute. Therefore, the analysis ends there as far as we are concerned. But second, moreover, your honors, even if we were to look at the remaining evidence, we have police reports, toxicology reports, a paramedic report, all of which were entered into evidence without objection of either party and without any rebuttal evidence put up against them. There's no testimony in this case. There's nobody to say that what happened in that report isn't the truth. It is, in fact, the only version of events available to us. We have a paramedic saying she was looking at her phone. There's no other evidence saying she wasn't looking at her phone. Maybe she wasn't. Do we know sitting here? It's not for me to say. The one piece of evidence we have is she was looking at her phone. End of the story. We can't reject anything contained within those reports as not being factual because they were entered without objection and without rebuttal. Well, I'll get back to my question, you know, just to be simple about it. Mr. Wolf says he just jumped the high hurdle and that you want to lower that high hurdle down to the low hurdle. That's what you're asking for, remand, right? Or what are you asking for? Okay. Yes, remand. Okay. Is it a high hurdle or a low hurdle? What you're asking. Reasonable, foreseeable would be a much lower bar as far as appellant is concerned to show that her actions were willful and wanton that she essentially purposely crashed into this truck while driving, I think would be borderline impossible. You'd have to essentially say that she was trying to end her life, I would say, if you're doing 50 plus miles an hour into the back of a parked trailer and truck, that's a very high bar. Now to say that her actions taken as a whole were not reasonable and foreseeable to her employer, much lower bar. And this is the thing I do agree with opposing counsel on. It is the burden of the arbitrator and the commission to weigh all facts of the case and apply them. However, my position is that it's words matter and applying the appropriate standard matter. Here, as I've stated repeatedly, it's a reasonable and foreseeable standard. Looking back at the arbitration decision, you'll see, your honors will see the words willful, wanton, negligent, reckless, but you will not once in the entire decision see the term reasonable or the term foreseeable. The commission decision affirmed and adopted with no changes. There's no analysis of reasonable and foreseeable. And finally, your honors, to Justice Ershford's question to both myself and counselors to the other case, we see in the Jensen court, they analyzed a series of factors, similar to what I would propose we do here, is we look at the totality of the events. And in that case, the opposing party raised the Stembridge Builders case as their defense. And the Jensen court struck this down and said, this is an inappropriate analysis. We cannot look to that Stembridge willful and wanton negligence because it's not analogous or comparable as that case, the Stembridge case did not involve a traveling employee and did not involve the appropriate, reasonable and foreseeable analysis. Therefore it's inapplicable to a traveling employee analysis. For all these reasons, your honors, we respectfully request that your honors reverse the lower court's decision and remand us back for an appropriate analysis under the reasonable and foreseeable test. Thank you, your honors. Questions from the court, Mr. Furman? Okay. Well, thank you, counsel, both for your arguments in this matter this morning. It will be taken under advisement and written disposition shall issue.